## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### (Orlando Division)

**Case No.: _____**

EDGAR CAMACHO and
ROSALINDA CAMACHO

      Plaintiffs,                                      Removed from Circuit Court
                                                 of Seminole County, Florida
v.                                               Case No: 2023-CA-000256

NATIONAL SPECIALTY
INSURANCE COMPANY,

      Defendant.
_____ /

## NOTICE OF REMOVAL

Defendant National Specialty Insurance Company, by and through the undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. 1441 *et seq.*, of the removal of this action from the Circuit Court of Seminole County, Florida, Case No.: 2022-CA-000958, to the United States District Court for the Middle District of Florida (Orlando Division) based on the following:

1.      On February 1, 2023, Plaintiffs Edgar Camacho and Rosalinda Camacho (hereinafter "Insured Plaintiffs"), filed Plaintiffs' Complaint against Defendant in the Circuit Court of Seminole County, Florida, case number 2023-CA-000256. *See Plaintiffs' Complaint, attached hereto as "Exhibit A."*

2.      Plaintiffs allege Defendant issued an insurance policy in favor of its insured for the property located at 180 Promenade Circle, Lake Mary, Seminole, Florida ("the Insured Property"), which is within Seminole County. *See Exhibit A* at ¶ 3.

3.      Plaintiffs allege the Insured Property suffered a loss on April 11, 2021, and that Defendant denied all or a portion of claim, or underpaid said claim, and thereby breached the insurance contract when it failed to pay the full extent of Plaintiff's allegedly covered damages. *See Exhibit A* at ¶ 16-19.

4.      Plaintiffs' Complaint only alleges damages that exceed $30,000, sufficient for the jurisdiction of Florida's circuit courts. *See Exhibit A* at ¶ 1.

5.      Also, Plaintiffs' Complaint is silent as to the *citizenship* of the parties, although Insured Plaintiffs admit they "own property located at 180 Promenade Circle, Lake Mary, FL 32746." *See Exhibit A* at ¶ 3.

6.      28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different States.

7.      28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

of the United States for the district and division embracing the place where such action is pending."

8.    28 U.S.C § 1446(b)(3) provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

9.    Therefore, as originally filed, this action was not removable to federal court.

10.    28 U.S.C. § 1446(c)(3) provides "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

11.    28 U.S.C § 1332(c)(1) provides that a corporation is a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. "For diversity purposes, a corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. § 1332(c)(1)." *World Fuel Servs. v. Pan Am World Airways Dominicana, S.A. (Pawa*

*Dominicana) Corp.*, No. 18-20321-Civ-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 65426, at *7-8 (S.D. Fla. Apr. 17, 2018).

12.    Defendant National Specialty Insurance Company is a foreign corporation with its place of incorporation and principal place of business in the State of Texas. *See the 2022 Foreign Profit Corporation Annual Report filed by Defendant NSIC with the Florida Secretary of State, attached hereto as "Exhibit B."* Therefore, Defendant is therefore a citizen of Texas.

13.    This is notably not the first suit brought by Plaintiffs against Defendant. The prior action, which was removed to federal court, was dismissed by the Court due to Plaintiffs' failure to comply with this Court's orders. *See 6:22-cv-02384-CEM-DCI* at Doc 18.

14.    During the prior action, on June 6, 2022, Plaintiffs sent Defendant a post-suit demand with an estimate allegedly supporting the demand amount. *See Plaintiffs' Demand Letter, attached hereto as "Exhibit C."*

15.    Plaintiffs' Demand Letter seeks One Hundred Ninety-One Thousand Dollars and No/100 ($191,000.00), which is greater than Seventy-Five Thousand Dollars and No Cents ($75,000.00). *Id.*

16.    In addition, Plaintiffs' counsel attached to the email an estimate from Century Public Adjusters for repair costs alleged to be a result of the alleged loss, for a replacement cost value of $173,612.72. *See estimate Century Public Adjusters,*

4

*attached hereto as Exhibit "D."* The same estimate was included in Plaintiffs'

responses to Defendant's discovery requests during the prior suit.

17.    During the prior suit, Defendant served Plaintiffs with Diversity

Requests for Admission on May 27, 2022, which Plaintiffs finally responded to on

November 23, 2022, admitting that Plaintiffs are citizens of the State of Florida, and

are not citizens of the State of Texas. *See Plaintiffs' Responses to Requests for

Admission, attached hereto as composite "Exhibit E."*

18.    Since there is complete diversity between Plaintiffs and Defendant and

the amount-in-controversy exceeds Seventy-Five Thousand Dollars ($75,000),

exclusive of interest and costs, this case subject to the original jurisdiction of the

Court under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C § 1441(a).

19.    Generally, a pre-suit claim of loss, without more, does not constitute an

"other paper" that triggers removal. *See, e.g., Village Square Condo. of Orlando,

Inc. v. Nationwide Mut. Fire Ins. Co.*, No. 6:09-cv-01711, 2009 WL 4855700, at *4

(M.D. Fla. Dec. 10, 2009); 28 U.S.C. § 1446(b)(3).

20.    But "[u]nlike the amount in controversy, citizenship is largely an

immutable and straightforward Constitutional prerequisite to diversity jurisdiction

that is assessed at the time suit is commenced." *Id*. at *2. As such, "[w]here the initial

pleading is indeterminate as to the parties' citizenship, the burden is on the defendant

seeking removal to scrutinize the case and remove it in a timely fashion." *Bankston v. Ill. Nat'l Ins. Co.*, 443 F. Supp. 2d 1380, 1381 (M.D. Fla. 2006).

21.     The demand and discovery in the prior action are "other paper[s]" from which Defendant could ascertain the case was removable. See 28 U.S.C. § 1446.

22.     However, as they were received in the prior action, their presence does not trigger an obligation for Defendant to remove.

23.     Defendant was served with Plaintiffs' Demand Letter establishing the amount in controversy on June 6, 2022, and with the Request for Admission Responses on November 23, 2022, both during the prior action.  That case was dismissed by this Court, and this removal is made within 30 days after service of the complaint on Defendant, so any arguments as to the timeliness of the removal are moot.

24.     Venue is proper in the United States District Court for the Middle District of Florida (Orlando Division) because the underlying state court case filed is in the Eighteenth Judicial Circuit in and for Seminole County, Florida.

25.     A complete copy of all process, pleadings, and orders filed in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, Case No.: 2023-CA-000256, is being filed contemporaneously with this Notice of Removal as required by 28 U.S.C. § 1446(a). Copies of the docket sheets from the aforementioned state court files are attached hereto as *Exhibit F*.

26.    In compliance with 28, U.S.C. § 1446(d), Defendant has provided written Notice of Removal to the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, a copy of which is included within other state court documents attached hereto as *Exhibit G*.

**WHEREFORE** Defendant National Specialty Insurance Company respectfully requests that the above-captioned lawsuits be removed to the United States District Court of the Middle District of Florida (Orlando Division).

Date: June 23, 2023                    Respectfully submitted,

By:    ___*/s/ Wesley C. Page*_____
Wesley C. Page, Esq. (Fla. Bar No. 0085183)
Brian P. Henry, Esq. (Fla. Bar No. 0089069)
ROLFES HENRY CO., LPA
3191 Maguire Boulevard, Suite 160
Orlando, Florida 32803
Telephone:    (407) 284-4990
Email:        wpage@rolfeshenry.com
              bhenry@rolfeshenry.com
              rkitchens@rolfeshenry.com
              kmcclintock@rolfeshenry.com

*Attorneys for Defendant National Specialty*
*Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 23rd day of June 2023:

Andrew Brodsky, Esq. (Fla. Bar No. 1017721)
Brett L. Schlacter, Esq. (Fla. Bar No. 98112)
Schlacter Law
1108 Kane Concourse, Suite 305
Bay Harbor Islands, Florida 33154
Telephone:     (305) 999-1111
Facsimile:     (305) 440-1354
Email:          bls@schlacterlaw.com
Email:          andrew@schlacterlaw.com
Email:          michelle@schlacterlaw.com

*Attorneys for Plaintiffs*

*/s/ Wesley C. Page*
Wesley C. Page, Esq. (Fla. Bar No. 0085183)